**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| **SEAN REILLY**, on behalf of himself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**WCG HEALTH MANAGEMENT INC., D/B/A WELLCARE,**<br><br>*Defendant.* | No.<br><br>CLASS ACTION COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

## <u>CLASS ACTION COMPLAINT</u>

1. Sean Reilly ("Plaintiff"), through his attorneys, individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendant ("Wellcare" or "Defendant").

2. This class action arises from Defendant's persistent disregard for federal law—specifically, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

3. Now, Plaintiff brings this class action on behalf of himself, and all others harassed by Defendant and its unlawful calling tactics.

## PARTIES

4. Plaintiff, Sean Reilly, is a natural person and a citizen of New Jersey. He is domiciled in New Jersey (where he intends to remain).

5. Defendant, Wellcare, is a corporation incorporated in Florida and with its principal place of business at 8725 Henderson Road, Tampa, Florida, 33634.

## JURISDICTION AND VENUE

6. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the TCPA, 47 U.S.C. § 227.

7. This Court has personal jurisdiction over Defendant because it is headquartered in Florida, regularly conducts business in Florida, and has sufficient minimum contacts in Florida.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## BACKGROUND

### *The Telephone Consumer Protection Act*

9. Congress enacted the Telephone Consumer Protection Act ("TCPA") to combat "the proliferation of intrusive, nuisance calls to consumers and businesses from telemarketers." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 399 (2021) (internal quotation omitted).

10. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—

3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 591 U.S. 610, 613 (2020).

11. The TCPA establishes a "private right of action" whereby persons can seek both injunctive and monetary relief. 47 U.S.C. §§ 227(b)(3).

12. For damages, the TCPA provides "$500 in damages for each such violation[.]" 47 U.S.C. §§ 227(b)(3), (c)(5). However, the TCPA provides treble damages of $1,500 for each "willful" or "knowing" violation. *Id.*

13. The TCPA prohibits the use of artificial or prerecorded voices when calling cellular telephone numbers. 47 U.S.C. § 227(b)(1)(A)(iii).

***Plaintiff Reilly***

14. Plaintiff is an individual and a "person" under the meaning of 47 U.S.C. § 153(39).

15. Plaintiff's residential telephone number is 718-514-XXXX (the "telephone number").

16. Plaintiff uses his telephone number for personal, residential, and household purposes (such as calling friends, family, and scheduling personal appointments).

17. Plaintiff has not used his telephone number for business purposes.

18. Plaintiff has not associated his telephone number with any business.

19. During this time period, Plaintiff has been the sole remunerator (i.e., payer) for any bills arising from his telephone number.

20. Plaintiff has never received a reimbursement from any business for his telephone number.

21. Plaintiff has never taken a business-related tax-deduction for his telephone number.

22. Plaintiff is not a current or former customer of Defendant.

23. Plaintiff has never had a business relationship with Defendant

24. Plaintiff never provided his telephone number to Defendant.

25. Plaintiff has never consented to receive the alleged telephone solicitations from Defendant.

***Defendant violated the TCPA***

26. As explained below, Defendant violated the TCPA numerous times.

27. On April 24, 2025, Plaintiff received a text message from Defendant from telephone number (843) 543-6145 that stated the following:

> Hi, my name is Ava and I am with your Medicare Advantage insurer, Wellcare. Because your health is our priority, we would like to help you with important updates on your medica on. Just to confirm, text YES if this is Jean. If not, you can text STOP to opt-out of these reminders.

28. The text message was for "Jean," someone other than, and unknown to Plaintiff.

29. The Plaintiff is not asserting that this text message is a violation of the TCPA, but instead is offered to demonstrate that the Defendant was calling for someone else.

30. On June 12, 2025, Defendant called Plaintiff's telephone number from caller ID (855) 521-9861.

31. Defendant left the following prerecorded voicemail:

> Hi, this is Wellcare calling you with an important message. We noticed you were due for at least one important health screening. We can help get this scheduled with your health provider. Please give us a call back at 1(855) 521-9681 to speak with a member services representative. Our hours of operation are Monday through Friday from 9 AM to 7 PM Eastern Time. TTY users please call 711. For any questions about this message or to be added to our do not call list please call the number on the back of your member ID card Sunday through Saturday from 8 AM to 8 PM…

32. Plaintiff called the number back, and reached a dial tree for Wellcare.

33. On June 19, 2025, Plaintiff received another prerecorded voicemail from Defendant from caller ID (914) 331-0321 that stated the following:

> Wellcare with a message for "John Elliot". We are sorry once again. Poor talking and wellness questions requires you may also give us a … We're available from 8 AM to 8 PM local me Monday through Friday. Have a good day and thank you for being a valued member with…

34. The voicemail was for "John Elliot," again a person other than, and unknown to Plaintiff.

35. Plaintiff continued to receive more calls and prerecorded voicemails from Defendant.

36. On September 4, 2025, Plaintiff received the following prerecorded voicemail from Defendant from caller ID (978) 622-0589:

> Hello, this is Wellcare calling for Jean Ellen we have some important information about your prescription. Please return our call at 1(877) 612-8332. TTY users should call 711. We are available Monday through Sunday 8 AM to 8 PM Eastern Time. Again, this number is 1(877) 612-8332. TTY users should call 711. Thank you and have a good evening. Goodbye.

37. Again, this voicemail was for "Jean Ellen," not the Plaintiff.

38. Plaintiff received at least four more prerecorded voicemails from Defendant through September 25, 2025, that were meant for individuals other than Plaintiff.

39. The voicemails featured voicemails with a monotone pitch and robotic cadence—indeed, the voice lacked the typical pitch inflections, pauses, missteps, and "filler words" (e.g., "um") that characterize normal human speech. Thus, on information and belief, the voicemails in question used a prerecorded or artificial voice.

40. The aforementioned telephone solicitations to Plaintiff were unwanted, nonconsensual encounters, as Plaintiff is and was not a Wellcare customer or accountholder and never provided his consent to or requested the calls.

41. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed.

42. On information and belief, Defendant will continue to place numerous telephonic solicitations to Plaintiff and Class Members.

## CLASS ACTION ALLEGATIONS

43. Plaintiff brings this class action under Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3), individually and on behalf of the following:

> **Pre-Recorded Call Class**: All persons throughout the United States (1) to whom Defendant placed a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to Defendant's customer or accountholder, (3) in connection with which Defendant used an artificial or prerecorded voice, (4) from four years prior to the filing of this case through the date of class certification.

44. Excluded from the Class are Defendant, its agents, affiliates, parents, subsidiaries, any entity in which Defendant has a controlling interest, any Defendant officer or director, any successor or assign, and any Judge who adjudicates this case, including their staff and immediate family.

45. Plaintiff reserves the right to amend the class definition.

46. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on class-wide

bases using the same evidence as would be used to prove those elements in individual actions asserting the same claims.

47. **Ascertainability**. All members of the proposed Class are readily ascertainable from information in Defendant's custody and control. Specifically, all members of the proposed Class can be ascertained through analysis of Defendant's phone records.

48. **Numerosity**. The Class Members are so numerous that joinder of all Class Members is impracticable. Upon information and belief, the proposed Class includes at least several thousand members. After all, calling campaigns necessarily involve communication with large groups of people.

49. **Typicality**. Plaintiff's claims are typical of those of Class Members because all such claims arise from Defendant's unlawful calling practices.

50. **Adequacy**. Plaintiff will fairly and adequately protect the proposed Class's common interests. His interests do not conflict with Class Members' interests. And Plaintiff's counsel has substantial experience in complex class action litigation and an expertise in TCPA litigation.

51. **Commonality and Predominance**. Plaintiff's and the Class's claims raise predominantly common fact and legal questions—which predominate over any questions affecting individual Class Members—for which a class wide proceeding

can answer for all Class Members. In fact, a class wide proceeding is necessary to answer, *inter alia*:

a. whether Defendant violated the TCPA;

b. whether Defendant violated the TCPA willfully and knowingly;

c. whether Plaintiff is entitled to statutory damages;

d. whether Plaintiff is entitled to treble damages;

e. whether Defendant should be enjoined from further TCPA violations.

52. **Superiority**. A class action will provide substantial benefits and is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class Members are relatively small compared to the burden and expense that individual litigation against Defendant would require. Thus, it would be practically impossible for Class Members, on an individual basis, to obtain effective redress for their injuries. Not only would individualized litigation increase the delay and expense to all parties and the courts, but individualized litigation would also create the danger of inconsistent or contradictory judgments arising from the same set of facts. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, ensures economies of scale, provides comprehensive supervision by a single court, and presents no unusual management difficulties.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(b)(1)(A)(iii) 47 C.F.R. § 64.1200(d)**
**(On Behalf of Plaintiff and the Prerecorded Call Class)**

53. Plaintiff incorporates by reference all paragraphs 1-52 as if fully set forth herein.

54. At the time of the calls, Plaintiff's telephone number was assigned to a cellular telephone service.

55. Plaintiff was the called party and associated with the telephone number.

56. Plaintiff did not provide the telephone number to Defendant and did not give prior express consent to receive calls using an artificial or prerecorded voice.

57. The calls were intended for Wellcare members, not for Plaintiff, including individuals identified as Jean, John Elliot, and Jean Ellen. Plaintiff did not know those individuals and did not authorize them to provide or use his telephone number.

58. Defendant thereby violated 47 U.S.C. § 227(b)(1)(A)(iii).

59. Defendant's violations after receiving notice that it had reached the wrong person were knowing or willful.

60. Plaintiff and the Class seek $500 in statutory damages for each violation and, for each knowing or willful violation, an increase of damages up to three times the amount otherwise available, as permitted by 47 U.S.C. § 227(b)(3).

## PRAYER FOR RELIEF

Plaintiff and Class Members respectfully request judgment against Defendant and that the Court enter an order:

A. Certifying this case as a class action on behalf of Plaintiff and the Class, appointing Plaintiff as class representative, and appointing his counsel to represent the Class;

B. Awarding statutory damages to Plaintiff and Class Members;

C. Providing the injunctive relief requested herein; and

D. Granting such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for all claims so triable.

**PLAINTIFF,** on behalf of himself and others similarly situated.

Date: October 8, 2026.

Respectfully submitted,

By: /s/ *Avi R. Kaufman*

Avi R. Kaufman (FL Bar No. 84382)*
**KAUFMAN PA**
237 S Dixie Highway Ste 455
Coral Gables, FL 33133-4824
Telephone: (305) 469-5881
kaufman@kaufmanpa.com

*Counsel for Plaintiff and the Proposed Class*

* *Lead Attorney*